IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TEVIS IGNACIO,                                No. 3:23-cv-00864-HZ

            Plaintiff,                     OPINION & ORDER

    v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

            Defendant.


Tevis Ignacio
812 SE 136th Ave Apt 13
Vancouver, WA 98683

      *Pro se*

Kevin Danielson
U.S. Attorney's Office
1000 SW Third Ave Ste 600
Portland, OR 97204

      Attorney for Defendant

HERNÁNDEZ, District Judge:

Pro se Plaintiff Tevis Ignacio brings this Complaint against the Commissioner of the Social Security Administration. ECF 1. Plaintiff moves to proceed *in forma pauperis* ("IFP"). ECF 7. Because Plaintiff has only minimal income and assets, the Court grants the application. However, for the reasons outlined below, the Court dismisses Plaintiff's Complaint with leave to amend.

**STANDARDS**

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (B) the action or appeal-
>
> > (i) is frivolous or malicious;
> >
> > (ii) fails to state a claim on which relief may be granted; or
> >
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints that are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous where it "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325; *Jackson v. State of Ariz.*, 885 F.2d 639, 640 (9th Cir. 1989). A complaint fails to state a claim when it does not contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that the defendants are liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*,

550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

As the Ninth Circuit has instructed, however, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to amend their complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lopez*, 203 F.3d at 1130-31.

## DISCUSSION

The Complaint must be dismissed because it is frivolous and fails to state a claim for relief. Plaintiff filed his Complaint "on behalf of everyone who was swindled out of benefits" from the Social Security Administration. Compl. 1. *See also id.* at 6 ("I am filing a federal class action suit!"). The Complaint alleges that Plaintiff and others are being swindled out of one month of retirement benefits. *Id.* at 1, 8, 9. Plaintiff alleges that he turned 62 on March 17, 2023. *Id.* at 7. He alleges that his monthly retirement benefits became due April 17, 2023. *Id.* Plaintiff's Complaint includes a letter from Defendant stating that Plaintiff is entitled to monthly retirement benefits beginning April 2023. *Id.* It states that benefits for a given month are paid in the following month. *Id.* It advises that Plaintiff will receive $905 in benefits "around May 3, 2023," his next payment "on or about the third Wednesday of June 2023," and later payments "on or about the third Wednesday of each month." *Id.* The Complaint includes another letter from Defendant advising that Defendant changed Plaintiff's direct deposit information at his request. *Id.* at 10. Plaintiff alleges that he received a check for $905 on May 5, 2023, but it should have

been mailed on April 17, 2023. *Id.* He alleges that the next check should be sent on May 17, 2023. *Id.*

Plaintiff's Complaint is frivolous because the factual allegations show that Plaintiff received his retirement benefits consistent with applicable regulations. Someone who has reached age 62 but has not reached full retirement age receives benefits beginning "the first month covered by [the] application *throughout* which [the applicant] meet[s] all requirements for entitlement." 20 C.F.R. § 404.311 (emphasis in original). Plaintiff alleges that he turned 62 on March 17, 2023. Compl. 7. Accordingly, April 2023 was the first month for which he was entitled to retirement benefits because it was the first month throughout which he was at least 62 years old. *Id.* The Complaint alleges that Plaintiff received his first check for benefits on May 5, 2023. *Id.* at 10. That check covered his entitlement to benefits in April 2023. *Id.* at 7. Plaintiff does not dispute the correctness of the amount. And while Plaintiff objects to his payment date for later payments, the payment date in the letters Plaintiff received from Defendant is consistent with applicable regulations setting a payment schedule: "Insured individuals born on the 11th through the 20th of the month will be paid on the third Wednesday of each month." 20 C.F.R. § 404.1807(b)(2).

Accordingly, Plaintiff's argument that he was due a payment by April 17, 2023, has no basis in law and is therefore frivolous. And if the Court accepts the well-pleaded facts in the Complaint as true, Plaintiff fails to state a claim for relief because the facts alleged show that Plaintiff has received the retirement benefits to which he is entitled and has received them on the correct schedule under the applicable regulations. The Court will grant Plaintiff leave to file an amended complaint within 30 days.

Finally, this case cannot proceed as a class action at this time. The federal rules provide that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members only if" the specified requirements are met. Fed. R. Civ. P. 23(a). A pro se litigant "has no authority to represent anyone other than himself." *Antonetti v. Foster*, 691 F. App'x 841, 842 (9th Cir. 2017) (citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)). Because Plaintiff is a pro se litigant, he cannot represent anyone else in this litigation.

## CONCLUSION

The Court GRANTS Plaintiff's Amended Application for Leave to Proceed IFP [7]. Plaintiff's Complaint [1] is DISMISSED. Plaintiff has leave to file an amended complaint consistent with this Opinion and Order within 30 days.

IT IS SO ORDERED.


DATED:_____August 6, 2023_____.




MARCO A. HERNÁNDEZ
United States District Judge